MATTHEW G. WHITAKER
Acting Attorney General of the United States

JOHN C. ANDERSON
United States Attorney

SEAN J. SULLIVAN
Special Attorney, U.S. Department of Justice
U.S. Attorney's Office, District of New Mexico
201 Third Street, NW, Suite 900
Albuquerque, New Mexico 87102
Telephone: (505) 224-1514
E-mail: sean.j.sullivan@usdoj.gov
Attorney for Plaintiff

FILED
2019 JAN 16 PM 5:22
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Marivel Cantu-Madril,<br>(Counts 1-10)<br><br>Richard A. Madril,<br>(Count 1)<br><br>Defendants. | **SUPERSEDING INDICTMENT**<br><br>**CR 18-1309-RM-BPV**<br><br><u>VIOLATIONS:</u><br>**18 U.S.C. § 371** (Conspiracy)<br>Count 1<br><br>**18 U.S.C. § 1341**<br>(Mail Fraud)<br>**18 U.S.C. § 2**<br>(Aiding and Abetting)<br>Count 2<br><br>**18 U.S.C. § 1343**<br>(Wire Fraud)<br>**18 U.S.C. § 2**<br>(Aiding and Abetting)<br>Count 3<br><br>**18 U.S.C. § 505**<br>(Forgery of Judicial Signature)<br>**18 U.S.C. § 2**<br>(Aiding and Abetting)<br>Count 4-5 |

**18 U.S.C. § 506**
(Possession of Counterfeit Seal
of Agency of the United States)
**18 U.S.C. § 2**
(Aiding and Abetting)
Count 6-10

**THE GRAND JURY CHARGES:**

<u>Background</u>

1. Defendant **MARIVEL CANTU-MADRIL** (hereinafter, "**CANTU-MADRIL**") was admitted to practice law in the State of Arizona from on or about May 18, 2006, until on or about June 26, 2017. **CANTU-MADRIL** also was previously admitted to practice in the United States Court of Appeals for the Ninth Circuit and federal immigration courts.

2. Defendant **RICHARD A. MADRIL** (hereinafter, "**RICHARD MADRIL**") is the husband of **CANTU-MADRIL**. During the timeframe of this indictment, **RICHARD MADRIL** was admitted to practice law in the State of New Mexico and federal immigration courts.

3. During the timeframe of this indictment, **CANTU-MADRIL** and **RICHARD MADRIL** maintained a private law practice in Tucson, Arizona, specializing in immigration and criminal defense law.

<u>Count 1</u>

4. From on or about September 5, 2012, to on or about October 29, 2018, in Pima County, in the District of Arizona, and elsewhere, the defendants, **MARIVEL CANTU-MADRIL** and **RICHARD MADRIL**, knowingly, unlawfully, and willfully combined, conspired, confederated, agreed, and acted interdependently with one another and with others

known and unknown to the Grand Jury, to commit the offenses of forgery of judicial signatures, in violation of 18 U.S.C. § 505; use and possession of a counterfeit seal of an agency of the United States, in violation of 18 U.S.C. § 506; mail fraud, in violation of 18 U.S.C. § 1341; and wire fraud, in violation of 18 U.S.C. § 1343.

Manner and Means

5. The manner and means by which **MARIVEL CANTU-MADRIL** and **RICHARD A. MADRIL** sought to accomplish the objectives of the conspiracy included, among other conduct, the following:

   a. Maintaining a law practice offering legal services in immigration matters and criminal defense.

   b. Accepting payment from clients for dishonest and ineffective legal representation and counsel.

   c. Advising clients that they were eligible for privileges and benefits from the government of the United States when the clients were actually ineligible for such privileges and benefits based on federal immigration law.

   d. Advising clients that they were ineligible for lawful immigration status and other privileges and benefits from the government of the United States when the clients were actually eligible for such privileges and benefits based on federal immigration law.

   e. Deceiving clients about the status of their cases and petitions and applications to federal agencies.

   f. Making false statements to clients and government officials in person, by mail, and by electronic means.

g. Providing clients with false documents containing forged signatures and/or counterfeit government seals.

h. Filing documents containing false information with the United States government.

i. Impersonating government officials.

j. Keeping documents at their law offices with counterfeit seals of agencies of the United States.

## Overt Acts

6. In furtherance of the conspiracy, and to effect the objectives thereof, the defendants, and others known and unknown to the Grand Jury, committed and caused to be committed the following acts, among others, in the District of Arizona, and elsewhere:

7. On or about April 12, 2011, **CANTU-MADRIL** accepted payment of $1500 in legal fees from Jane Doe 1.

8. On or about January 12, 2012, **RICHARD MADRIL** represented Jane Doe 1 at a hearing in immigration court.

9. On or about September 5, 2012, **CANTU-MADRIL** filed a brief in immigration court requesting permission for Jane Doe 1 to voluntarily depart the United States after Jane Doe 1 had hired **CANTU-MADRIL** for the purpose of assisting Jane Doe 1 in obtaining lawful status to remain in the United States.

10. On or about September 10, 2012, **CANTU-MADRIL** had a conversation with Jane Doe 1 in which she failed to inform Jane Doe 1 that that an immigration judge had ordered Jane Doe 1 to depart from the United States within sixty days.

11. On or about October 21, 2012, **CANTU-MADRIL** falsely stated to Jane Doe 1, in sum and substance, that an immigration hearing in her case was cancelled when in fact no such hearing had been scheduled.

12. On or about June 27, 2014, **CANTU-MADRIL** falsely stated to Jane Doe 1, in sum and substance, that **CANTU-MADRIL** intended to appeal the voluntary departure order in her case to the United States Court of Appeals for the Ninth Circuit.

13. On or about August 14, 2015, **CANTU-MADRIL** signed a contract agreeing to represent John Doe 1 in an immigration matter.

14. On or about August 14, 2015, **CANTU-MADRIL** accepted payment of $1000 from John Doe 1.

15. On or about November 4, 2015, **CANTU-MADRIL** sent an email message instructing a person, whose identity is known to the Grand Jury, to impersonate an immigration officer in a telephone conversation with a client.

16. On or about November 4, 2015, a person, whose identity is known to the Grand Jury, impersonated an immigration officer in a telephone conversation with a client.

17. On or about October 12, 2016, **CANTU-MADRIL** possessed a document, dated June 12, 2014, containing a forged signature of Joan Ryan, a deputy clerk for the United States Court of Appeals for the Ninth Circuit.

18. On or about October 12, 2016, **CANTU-MADRIL** possessed a letter addressed to John Doe 3, dated March 1, 2015, containing a counterfeit seal of the United States Department of Homeland Security and U.S. Citizenship and Immigration Services.

19. On or about October 12, 2016, **CANTU-MADRIL** and **RICHARD MADRIL** possessed at their law office a letter addressed to John Doe 2, dated July 10, 2015, containing a

counterfeit seal of the United States Department of Homeland Security and U.S. Citizenship and Immigration Services.

20. On or about October 26, 2018, **CANTU-MADRIL** and **RICHARD MADRIL** met with John Doe 1 about his immigration case.

21. On or about October 26, 2018, **CANTU-MADRIL** gave John Doe 1 documents falsely indicating that an immigration judge had closed the proceedings against John Doe 1 in the exercise of prosecutorial discretion.

22. On or about October 26, 2018, **RICHARD MADRIL** told John Doe 1, in sum and substance, not to attend a hearing in John Doe 1's immigration case scheduled for October 29, 2018.

23. On or about October 29, 2018, **RICHARD MADRIL**, knowing that **CANTU-MADRIL** was not authorized to practice law at that time, falsely informed John Doe 1 that **CANTU-MADRIL** could not represent him at a hearing in immigration court because **CANTU-MADRIL** was ill.

24. On or about October 29, 2018, **RICHARD MADRIL** represented John Doe 1 at an immigration court hearing where the immigration judge ordered John Doe 1 to voluntarily depart from the United States.

In violation of 18 U.S.C. § 371.

## Count 2

25. On or about December 5, 2013, in Pima County, in the District of Arizona, and elsewhere, the defendant, **CANTU-MADRIL**, with intent to defraud, knowingly and intentionally devised and intended to devise a scheme and artifice to defraud by means of materially false and fraudulent pretenses and representations, and for the purpose of executing

and in order to effect the scheme and artifice to defraud and to obtain money and property by way of materially false and fraudulent pretenses, representations, and promises, the defendant mailed and caused a document to be delivered by the United States Postal Service.

<u>The Scheme and Artifice</u>

26. **CANTU-MADRIL** previously represented Jane Doe 1 in immigration matters arising after Jane Doe 1's detention. During this representation, **CANTU-MADRIL** prepared an "I-765, Application for Employment Authorization" on Jane Doe's behalf. The purpose of the I-765 application was to obtain an employment authorization document from the federal government so that Jane Doe 1 could work legally in the United States.

27. **CANTU-MADRIL** knowingly and intentionally entered false information on Jane Doe 1's application. **CANTU-MADRIL** entered this false information for the purpose of improving Jane Doe 1's chances of being approved for the application. Specifically, **CANTU-MADRIL** stated that Jane Doe 1 had last entered the United States on February 10, 2000, in Nogales, Arizona. However, Jane Doe 1 entered the United States on or after February 13, 2008. **CANTU-MADRIL** knew the information in Jane Doe 1's application about Jane Doe 1's date of last entry was false.

28. **CANTU-MADRIL** also falsely stated in Jane Doe 1's application that Jane Doe 1 entered the United States as a lawful "visitor" and remained a lawful "visitor" at the time of the application. However, **CANTU-MADRIL** knew from representing Jane Doe 1 after her detention by immigration officials in 2010 that Jane Doe 1 was not a lawful visitor.

29. **CANTU-MADRIL** and Jane Doe 1 signed Jane Doe 1's application for employment authorization on or about December 5, 2013. Soon thereafter, **CANTU-MADRIL**

mailed the application, or caused the application to be mailed, to United States Citizenship and Immigration Services in Phoenix, Arizona.

Execution of the Scheme and Artifice

30. On or about December 5, 2013, for the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain money and property by way of materially false and fraudulent pretenses, representations, and promises, the defendant, **CANTU-MADRIL**, mailed and caused the delivery by the United States Postal Service to U.S. Citizenship and Immigration Services, 1820 East Skyharbor Circle South, Phoenix, Arizona, 85034, according to the directions thereon, of a document, specifically a Department of Homeland Security, U.S. Citizenship and Immigration Services, I-765, Application for Employment Authorization, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

Count 3

31. On or about October 2, 2016, in Pima County, in the District of Arizona, and elsewhere, the defendant, **CANTU-MADRIL**, with intent to defraud, knowingly and intentionally devised and intended to devise a scheme and artifice to defraud by means of materially false and fraudulent pretenses and representations, and for the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain money and property by way of materially false and fraudulent pretenses, representations, and promises, the defendant transmitted and caused to be transmitted by means of wire communication, an email message, as further described below.

The Scheme and Artifice

32. **CANTU-MADRIL** represented John Doe 4 in immigration matters. During this representation, **CANTU-MADRIL**, told John Doe 4, in sum and substance, that **CANTU-**

MADRIL was assisting him in obtaining a visa to enter the United States lawfully. CANTU-MADRIL further advised John Doe 4, in sum and substance, that CANTU-MADRIL was assisting him in obtaining permanent residency status in the United States. CANTU-MADRIL accepted fees for these legal services.

33. While representing John Doe 4, **CANTU-MADRIL** knew that John Doe 4 had been previously ordered to voluntarily depart from the United States and could not obtain permission or authority to re-enter the United States until at least 2020. Nevertheless, **CANTU-MADRIL** sent John Doe 4 an email message purportedly from an official at the United States Consulate in Mexico falsely informing John Doe 4 that he had been granted a visa and was immediately eligible to apply for permanent residency. **CANTU-MADRIL** sent this email while present in Arizona knowing that John Doe 4 would receive the email in Mexico.

### Execution of the Scheme and Artifice

34. On or about October 2, 2016, for the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain money and property by way of materially false and fraudulent pretenses, representations, and promises, the defendant, **MARIVEL CANTU-MADRIL**, transmitted and caused to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, and writings, specifically an email message from NVCSERVICIOSDELVISA@mail.com to Roxascorro@gmail.com, in violation of 18 U.S.C. § 1343.

### Count 4

35. Between April 29, 2014, and July 31, 2014, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, forged the signature of an officer of a court of the United States, to wit: Joan Ryan, a deputy clerk of the United States

Court of Appeals for the Ninth Circuit, for the purpose of authenticating a proceeding or document, a receipt of payment, knowing such signature to be false and counterfeit, in violation of 18 U.S.C. § 505 and 18 U.S.C. § 2.

### Count 5

36. Between March 6, 2014, and October 31, 2014, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, forged the signature of an officer of a court of the United States, to wit: Joan Ryan, a deputy clerk of the United States Court of Appeals for the Ninth Circuit, for the purpose of authenticating a proceeding or document, a receipt of payment, knowing such signature to be false and counterfeit, in violation of 18 U.S.C. § 505 and 18 U.S.C. § 2.

### Count 6

37. On or about December 4, 2014, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, knowingly used, affixed, and impressed a fraudulently made, forged, counterfeited, mutilated, and altered seal of any department or agency of the United States and facsimile thereof to and upon a certificate, instrument, commission, document, and paper, specifically a letter to John Doe 4, in violation of 18 U.S.C. § 506 and 18 U.S.C. § 2.

### Count 7

38. On or about January 16, 2015, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, knowingly used, affixed, and impressed a fraudulently made, forged, counterfeited, mutilated, and altered seal of any department or agency of the United States and facsimile thereof to and upon a certificate,

instrument, commission, document, and paper, specifically a letter to John Doe 4, in violation of 18 U.S.C. § 506 and 18 U.S.C. § 2.

## Count 8

39. On or about March 1, 2015, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, knowingly used, affixed, and impressed a fraudulently made, forged, counterfeited, mutilated, and altered seal of any department or agency of the United States and facsimile thereof to and upon a certificate, instrument, commission, document, and paper, specifically a letter to John Doe 3, in violation of 18 U.S.C. § 506 and 18 U.S.C. § 2.

## Count 9

40. On or about July 16, 2015, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, knowingly used, affixed, and impressed a fraudulently made, forged, counterfeited, mutilated, and altered seal of any department or agency of the United States and facsimile thereof to and upon a certificate, instrument, commission, document, and paper, specifically a letter to John Doe 2, in violation of 18 U.S.C. § 506 and 18 U.S.C. § 2.

## Count 10

41. On or about July 27, 2015, in Pima County, in the District of Arizona, and elsewhere, the defendant, **MARIVEL CANTU-MADRIL**, knowingly used, affixed, and impressed a fraudulently made, forged, counterfeited, mutilated, and altered seal of any department or agency of the United States and facsimile thereof to and upon a certificate,

instrument, commission, document, and paper, specifically a letter to John Doe 2, in violation of 18 U.S.C. § 506 and 18 U.S.C. § 2.

**A TRUE BILL**

**/ S /**
———————————————
Presiding Juror

MATTHEW G. WHITAKER
Acting Attorney General of the United States

JOHN C. ANDERSON
United States Attorney
District of New Mexico

**/ S /**
———————————————
Sean J. Sullivan
Special Attorney
U.S. Department of Justice
U.S. Attorney's Office, District of New Mexico

JAN 1 6 2019

**REDACTED FOR PUBLIC DISCLOSURE**

United States v. Cantu-Madril et al.,
Indictment; Page 12 of 12